# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

KOBAYASHI VENTURES, LLC,                     :
                                             :
      Plaintiff                      :
                                             :
      v.                             :    Case No. 1:08-cv-04450-LAP
                                             :
PAPERTECH INC.,                              :
                                             :
      Defendant.                     :
                                             :

## KOBAYASHI VENTURES' NOTICE OF OPPOSITION AND OPPOSITION TO PT PAPERTECH, INC.'S "MOTION TO DISMISS KOBAYASHI VENTURES' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6), AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FRCP 56"

Plaintiff, Kobayashi Ventures, LLC ("KV" or "Plaintiff"), by and through its attorneys, Jeffrey M. Schwaber, Alexia Kent Bourgerie, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., opposes PT Papertech Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative for Summary Judgment under Fed. R. Civ. P. 56 ("Defendant's Motion"), for the grounds set forth in Kobayashi Ventures' Brief in Opposition to Defendant's Motion filed simultaneously herewith.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

1

By: _____/s/_____

Jeffrey M. Schwaber, NY Bar No. 4529699
Alexia Kent Bourgerie, *pro hac* admission
Attorneys for Plaintiff, Kobayashi Ventures, LLC
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
Telephone   : (301) 838-3210 (Jeffrey M. Schwaber)
Facsimile   : (301) 354-8110 (Jeffrey M. Schwaber)
Email        : jschwaber@steinsperling.com
Telephone   : (301) 838-3232 (Alexia Kent Bourgerie)
Facsimile   : (301) 354-8132 (Alexia Kent Bourgerie)
Email        : abourgerie@steinsperling.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2008, I will electronically file the foregoing with the Clerk of Court using the ECF system, which will then send a notification of such filing (NEF) to the following:

Oren J. Warshavsky
Jason S. Oliver
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Dabney Jefferson Carr, IV
Troutman Sanders, LLP
PO Box 1122
Richmond, VA 23218-1122

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user(s):

J. Rick Taché (*pro hac* admission)
Janet Lynn Hickson (*pro hac* admission)
Elizabeth Weldon
Snell & Wilmer, LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

_____/s/_____
Jeffrey M. Schwaber

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

L:\CLIENTS\K\KobayashiVentures.LLC\Papertech.007\PLEADINGS\418 Cover Opp mtn dismiss and MSJ.doc

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

KOBAYASHI VENTURES, LLC,          :
                                  :
      Plaintiff              :
                                  :
      v.                     :          Case No. 1:08-cv-04450-LAP
                                  :
PAPERTECH INC.,                   :
                                  :
      Defendant.             :
                                  :

---

## KOBAYASHI VENTURES' NOTICE OF OPPOSITION AND OPPOSITION TO PT PAPERTECH, INC.'S "MOTION TO DISMISS KOBAYASHI VENTURES' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6), AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FRCP 56"

---

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................ ii

I.      Introduction..................................................................................................................1

II.     Pertinent Facts............................................................................................................ 2

III.    Applicable Law and Argument.........................................................................................5

        A.  Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).................5

        B.  The Court Should Deny Defendant's Motion to Dismiss............................5

        C.  Standard for Motion for Summary Judgment ..............................................7

        D.  The Court Should Deny Defendant's Motion for Summary Judgment .......8

IV.     Conclusion ......................................................................................................13

L:\CLIENTS\K\Kobayashi Ventures.LLC\Papertech.007\PLEADINGS\10 table of contents.opposition to motion to dismiss.07.31.08.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

## TABLE OF AUTHORITIES

**Cases**

Agron v. Trustees of Columbia Univ., 1993 WL 118495 (S.D.N.Y. 1993)................................. 12

Airco Alloys Division, Airco, Inc. v. Niagra Mohawk Power Corp., 430 N.Y.S.2d 179, 186
   (1980)........................................................................................................................................ 10

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)........................................................ 7

Ashfar v. Procon Inc., 442 F. Supp. 887 (1977), ...................................................................... 12

Beller v. William Penn Life Ins. Co. of N.Y., 778 N.Y.S.2d 82, 85 (2004)................................. 10

Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) ..................................................................... 5

Cities Serv. Helex, Inc. v. United States, 543 F.2d 1306, 1313 (Ct. Cl. 1976............................. 11

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ............................................................................. 5

DeKonty v. United States, 922 F.2d 826, 827-28 (Fed. Cir. 1991) ............................................. 11

Dow Chem. Co. v. United States, 226 F.3d 1334, 1344 (Fed. Cir. 2000) ................................... 11

Ediciones Quiroga, S.L. v. Fall River Music, Inc., 1998 U.S. Dist. LEXIS 19039
   (S.D.N.Y. 1998) ..................................................................................................................... 12

Guilbert v. Gardner, 480 F.3d 140, 150 (2d Cir. (NY) 2007)...................................................... 10

In re Livent, Inc. Noteholders Sec. Litig., 355 F. Supp. 2d 722, 734 (S.D.N.Y. 2005) ................ 7

Ives v. Mars Metal Corp., 196 N.Y.S.2d 247, 249 (1960)......................................................... 9,10

Joyce v. Joyce Beverages, Inc., 571 F.2d 703, 706 (2d Cir. 1978)............................................... 5

McDonnell Douglas Corp. v. United States, 182 F.3d 1319, 1327 (Fed. Cir. 1999) ................... 11

Mobile Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604 (2000) ..... 11

St. Paul Plow-Works v. Starling, 140 U.S. 184 (1891) ............................................................... 11

Stalis v. Sugar Creek Stores, Inc., 744 N.Y.S.2d 586, 587 (2002) .............................................. 10

TIG Ins. Co. v. Newmont Mining Corp., 413 F. Supp. 273, 280 (S.D.N.Y. 2005)...................... 6

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

U.S. Broadcasting Co. Corp. v. National Broadcasting Co., Inc., 439 F. Supp. 8
   (D. Ma. 1977).............................................................................................................. 9


**Statutes**

C.P.L.R. § 213(2)......................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(d) ..................................................................................................... 7

Fed. R. Civ. P. 56(c) ..................................................................................................... 7

Federal Rule of Civil Procedure 56(e) ......................................................................... 7

**Treatises**

Restatement (Second) of Contracts (1979)\................................................................. 8

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

KOBAYASHI VENTURES, LLC,                      :
                                              :
              Plaintiff                       :
                                              :
       v.                                     :        Case No. 1:08-cv-04450-LAP
                                              :
PAPERTECH INC.,                               :
                                              :
              Defendant.                      :
                                              :

## KOBAYASHI VENTURES' BRIEF IN OPPOSITION TO PT PAPERTECH, INC.'S MOTION TO DISMISS KOBAYASHI VENTURES' FIRST AMENDED COMPLAINT AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Plaintiff, Kobayashi Ventures, LLC ("KV" or "Plaintiff"), by and through its attorneys, Jeffrey M. Schwaber, Alexia Kent Bourgerie, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., submits this brief in opposition to PT Papertech Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative for Summary Judgment under Fed. R. Civ. P. 56 ("Defendant's Motion"), and states as follows:

I.     INTRODUCTION

The linchpin of Defendant's Motion is a set of material facts alleged by Defendant in Defendant's Motion—which genuinely are disputed, for which there is no verified support in the record, and as to which to date there has been no discovery whatsoever.

Specifically, Defendant rests its motion on a purported September 27, 2000 letter (the "Purported Letter") from its general manager, Kari Hilden, to the then licensor International Paper Company ("International Paper"), which states in pertinent part, "termination will go into effect 30 days following your receipt of this Notice." Defendant posits without <u>any</u> support that the Purported Letter was sent and properly was directed. In fact, International Paper has no

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

record of ever receiving the Purported Letter, by either Champion or International Paper. See Affidavit of Inger H. Eckert on behalf of International Paper, attached hereto as Exhibit 1 and adopted herein by reference. Regardless, assuming arguendo that this Purported Letter was sent, (i) on its face such a letter did not provide a notice in the manner required by the express terms of the License Agreement; (ii) there is no verification whatsoever of receipt; and (iii) in KV's view, based on these circumstances any such letter as misdirected and apparently not received did not operate to terminate the License Agreement and Defendant's obligations thereunder. Applying the standards applicable to Defendant's Motion and as fully discussed below, KV is entitled to proceed with its First Amended Complaint against Defendant, and Defendant's Motion in its entirety necessarily must be denied.

II.    PERTINENT FACTS

In Opposition to Motion to Dismiss

1.    On or about November 12, 1998, Defendant entered into the License Agreement acquiring patent rights to what now is known as KV's Patented Technology.[1]

2.    The License Agreement provides for certain royalties to be paid by Defendant.

3.    On the topic of the legal matter of a notice of termination, the License Agreement provides in pertinent part as follows:

> 21.1    It shall be sufficient giving any notice, report, or other communication hereunder, if the party giving same shall deposit a copy thereof in the Post office in a registered or certified envelope, by postage prepaid certified mail, or delivered by messenger or air courier addressed to the other party at the address provided hereinbelow or at such other address as may hereafter be designated in writing.
>
> If to CHAMPION:    For Business Matters:

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[1] First Amended Complaint at ¶ 9 and the License Agreement which is attached thereto as Exhibit 3 and incorporated therein by reference.

2

Champion International Corporation
1 CHAMPION Plaza
Stamford, CT  06921
**ATTN:  Richard Piela**
**Director, Capital Project**
**Support and MRO**


For Legal Matters:

Champion International Corporation
1 CHAMPION Plaza
Stamford, CT  06921
**ATTN:  Richard C. Stewart, II**
**Chief Patent Counsel**

[Emphasis added.]

4.    On the topic of notice of termination, the License Agreement states in pertinent part as follows:

16.3    LICENSEE shall have the right to terminate this Agreement upon thirty (30) days prior written notice to CHAMPION to such effect, in which event, this Agreement shall terminate on the thirty-first (31st) day after sending such notice.[2]

5.    Defendant acknowledged and made certain royalty payments under the above-referenced License Agreement, but thereafter stopped making payments, and continues to this day to make, cause to be made, use, sell, and offer for sale products embodying KV's Patented Technology, without complying with its contractual obligations.[3]

6.    A number of times, beginning July 16, 2004 and thereafter on or about November 1, 2007, Defendant has been notified in writing of its failure to make contractually-mandated royalty payments.[4]

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[2] First Amended Complaint at Exhibit 3 (License Agreement).
[3] First Amended Complaint at ¶ 13, and 20-22.
[4] First Amended Complaint at ¶ 14.

3

7.    In a letter dated June 27, 2008, KV notified Defendant of its default under the License Agreement and gave to Defendant an opportunity to cure by fulfilling its obligations under the License Agreement.[5]  Defendant has failed to so cure.

8.    Since on or about December 10, 2007, KV has been the owner of the Patented Technology.[6]

<u>In Opposition to Motion for Summary Judgment</u>

9.    The Declaration of counsel attached to Defendant's Motion is not based on first-hand knowledge as would be required for consideration in connection with a motion for summary judgment ("Defective Declaration").

10.    The only "fact" alleged in the Defective Declaration of counsel is that the Purported Letter attached to the Declaration is a true copy of such a letter.  That "fact" is immaterial, and entirely misses the point.

11.    There is no verification that the Purported Letter was or was not sent, when and as addressed, or otherwise.

12.    There is no verification as to how the Purported Letter was sent (such as regular mail, certified mail, registered mail).

13.    There is no verification that the Purported Letter was received, as addressed or otherwise.  Upon information and belief, such a letter was not received until 2007.

14.    The Affidavit of Inger H. Eckert on behalf of International Paper, <u>Exhibit 1</u> hereto, verifies nonreceipt of the Purported letter stating in pertinent part, "There was no indication from the File Materials that any such letter or notice dated September 27, 2000 ever was received by Champion or International Paper."

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

---

[5] First Amended Complaint at ¶ 15.

4

15.     Based on the circumstances, the Purported Letter did not operate to terminate the License Agreement and Defendant's obligations thereunder.[7]

## III.    APPLICABLE LAW AND ARGUMENT

Applying the applicable standard, the Court should deny Defendant's Motion to Dismiss.

### A.    Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Further, the Court must accept plaintiff's allegations as true. See Joyce v. Joyce Beverages, Inc., 571 F.2d 703, 706 (2d Cir. 1978). Defendant's Motion also recites the standard, "the court 'must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff.'" Defendant's Motion at III.A. (citing Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)).

### B.    The Court should deny Defendant's Motion to Dismiss.

Defendant states two grounds for seeking dismissal: (1) alleging no contract between the parties; and (2) alleging that the statute of limitations bars KV's claims. As to both alleged grounds, the first alleging no contract and the second alleging the bar of the statute of limitations based on Defendant's factual allegation that the License Agreement terminated as a result of a letter dated September 27, 2000, accepting as true Plaintiff's allegations as stated in the First Amended Complaint and as in part re-stated in Section II (Pertinent Facts) above, the Court

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

---

[6] First Amended Complaint at ¶ 6.

[7] In fact, on July 28, 2008, pursuant to ¶ 16.2 of the License Agreement, termination occurred on the 31st day following KV's June 27, 2008 termination letter to Defendant.

necessarily must reject both alleged grounds for dismissal of Plaintiff's First Amended Complaint.

As to the first alleged ground, to establish a claim for breach of a contract, KV must prove the following: (1) a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages." See TIG Ins. Co. v. Newmont Mining Corp., 413 F. Supp. 273, 280 (S.D.N.Y. 2005) (internal citations omitted). Accepting as true KV's allegations as stated in the First Amended Complaint and as in part re-stated in Section II (Pertinent Facts) above, a valid contract existed between KV and Defendant until July 28, 2008.[8] Defendant does not dispute the fact that it neither has paid nor reported royalties, as the License Agreement requires, since September 2000. See Defendant's Motion at III.D.2. Instead, Defendant simply asserts that it somehow terminated the License Agreement. This issue is self-evidently contested, and there is no legal support for Defendant's notion that merely because it says it terminated, that "fact" becomes true. Defendant's alleged failure to make and report royalty payments unequivocally would constitute material breaches of the License Agreement. KV has sustained and alleges that it has sustained monetary damages as the result of Defendant's material breaches.[9]

Defendant's second alleged basis for dismissal is statute of limitations. The set of material facts alleged by Defendant in Defendant's Motion genuinely are disputed. There is no verified support in the record for Defendant's "facts," and to which to date there has been no discovery whatsoever. Defendant raises this set of material facts from matters outside the First Amended Complaint—specifically with a Defective Declaration which on its face is not based

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[8] See, for example, First Amended Complaint at ¶¶ 9 and 19-23 and the License Agreement which is attached thereto as Exhibit 3 and incorporated therein by reference.
[9] First Amended Complaint at ¶ 22.

6

on first-hand knowledge. More importantly, as to these matters outside the pleadings raised by Defendant, from a substantive standpoint the Defective Declaration completely misses the mark. Again and as stated above, any such letter if sent, was misdirected and apparently was not received until 2007. Defendant's misguided statute of limitations argument, which requires the Court to consider facts outside the First Amended Complaint, is addressed further below in opposition to the alternative motion for summary judgment. See generally Fed. R. Civ. P. 12(d), "Result of Presenting matters Outside the Pleadings."[10]

Applying the applicable standard, the Court should deny
Defendant's alternative Motion for Summary Judgment.

C.    Standard for Motion for Summary Judgment

The Court only may grant a motion for summary judgment if there are no genuine issues of material fact and if "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must accept all of the nonmoving party's assertions as true and view all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Federal Rule of Civil Procedure 56(e) entitled, "Affidavits; Further Testimony," states in pertinent part, "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." See also In re Livent, Inc. Noteholders Sec. Litig., 355 F. Supp. 2d 722, 734 (S.D.N.Y. 2005).

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[10] Fed. R. Civ. P. 12(d) states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

7

D.    The Court should deny Defendant's Motion for Summary Judgment.

The central fact Defendant disputes in Defendant's Motion is that it still was obligated under the License Agreement after September of 2000. Defendant claims that it effectively terminated the License Agreement by mailing notice in an unspecified manner to Richard Piela, to whom such a notice was not properly directed under the License Agreement. KV disputes Defendant's bald, unsupported assertion of a material fact that it gave proper notice of termination pursuant to the License Agreement by sending the Purported Letter. The Purported Letter on its face improperly was addressed to Mr. Piela as the business contact. Any such letter must have been addressed to Mr. Stewart as the legal contact pursuant to the License Agreement. The Purported Letter on its face was not sent in an indicated method for which there would have been a proof of receipt such as certified or registered mail. The Purported Letter on its face states that it intended to be effective 30 days from its receipt. There is nothing in the record on the topic of actual receipt of such a letter by a proper person, or anyone for that matter. The Affidavit of Inger H. Eckert on behalf of International Paper, Exhibit 1 hereto, verifies to the contrary. Defendant cites no authority to support its bald contention that it allegedly sent notice, or that it sent it to the proper person.[11] In fact, the suggestion strains credulity that a purported termination of the License Agreement would be sent without counsel, in an unspecified manner, to the wrong person, with no proof of mailing or delivery.

On July 16, 2004, the licensor wrote to Defendant, by Kari Hilden, demanding payment of the outstanding royalties.[12] More than a month later, on August 23, 2004, E. Michael Heaven, General Manager of Defendant, responded but tellingly -- and with no explanation now offered -

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301 040-2020

---

[11] In the absence of authority to support this assertion it should be noted that Defendant has cited a number of unpublished opinions, as well as a case from the 19th Century.

[12] First Amended Complaint at ¶ 14.

8

- did not attach the Purported Letter. Upon KV's information and belief, it was not until that time that the licensor had any knowledge of Defendant's purported earlier attempt to terminate the License Agreement.

The cases Defendant cites are inapposite. Defendant relies on two cases to support the proposition that requiring a party to send notice to the person specified in a contract is "hypertechnical in the extreme." Defendant's Motion at 11. Defendant first relies on <u>Ives v. Mars Metal Corp.</u>, 196 N.Y.S.2d 247, 249 (1960), which held, "where <u>actual</u> notice of termination has in fact been given, the form is of little import…" (underscore added). In KV's case, no actual notice was given. As discussed, there is nothing verified in the record to support Defendant's naked assertion. Secondly, the <u>Ives</u> case does not discuss whether the contract at issue provided specific notice provisions, as does the subject License Agreement. The defendant in <u>Ives</u> provided notice to plaintiff's counsel rather than to plaintiff itself. <u>Ives</u>, 196 N.Y.S.2d at 249. In KV's case, had Defendant provided proper written notice to licensor's counsel, Mr. Stewart, pursuant to the express notice terms of the License Agreement, the fact and timing of any notice easily could be demonstrated. Instead, unlike <u>Ives</u>, Defendant has <u>no</u> evidence of actual notice, and simply posits that assertion, as if to make it so.

Defendant also relies on the case of <u>U.S. Broadcasting Co. Corp. v. National Broadcasting Co., Inc.</u>, 439 F. Supp. 8 (D. Ma. 1977). The <u>U.S. Broadcasting</u> case is inapposite similarly in that the party receiving the notice had <u>actual</u> notice. 439 F. Supp. at 10. The plaintiff in <u>U.S. Broadcasting</u> responded to defendant's termination notice within days of defendant sending the letter. In contrast, in KV's case, licensor did not receive the Purported Letter for more than seven (7) years—until 2007. The court in <u>U.S. Broadcasting</u> based its decision upon a finding that, "it is clear that plaintiff and plaintiff's counsel timely received both

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

9

notices and it would be hypertechnical in the extreme to hold that notice <u>actually</u> received was ineffective." <u>Id.</u> at 10 (underscore added) (citing <u>Ives v. Mars Metal Corp.</u>, 196 N.Y.S.2d 247, 249 (1960)). No such actual notice exists here.

KV's Complaint is well within the statute of limitations. Under New York law, pursuant to C.P.L.R. § 213(2) the statute of limitations on a breach of contract claim is six years. "If, however, a contract requires continuing performance over a period of time, each successive breach may begin the statute of limitations running anew." <u>Guilbert v. Gardner</u>, 480 F.3d 140, 150 (2d Cir. (NY) 2007). <u>See also Beller v. William Penn Life Ins. Co. of N.Y.</u>, 778 N.Y.S.2d 82, 85 (2004); <u>Stalis v. Sugar Creek Stores, Inc.</u>, 744 N.Y.S.2d 586, 587 (2002); <u>Airco Alloys Division, Airco, Inc. v. Niagra Mohawk Power Corp.</u>, 430 N.Y.S.2d 179, 186 (1980).

Defendant admits, "The License Agreement … required Papertech to report and pay royalties twice a year." Defendant's Motion at III.D.2. Paragraph 1.8 of the License Agreement requires the semiannual reports and payments the Defendant cites "during the term of this Agreement…" Paragraph 16.1 of the License Agreement states that the License Agreement "shall continue in full force and effect for the term of the last to expire Patent Rights…" By its express, unambiguous terms, the License Agreement is a contract that "requires a continuing performance over a period of time." <u>See Guilbert</u>, 480 F.3d at 150.

Defendant also concedes that it did not make payments or reports after September of 2000. Therefore, Defendant did not fulfill the continuing performance that it was required to fulfill under the License Agreement. Defendant was in material breach of the License Agreement when it failed to make payments and reports in 2000, and it continued to be in material breach of the continuing nature of the License Agreement until the License Agreement terminated pursuant to proper notice by KV effective July 28, 2008.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Defendant argues that its "failure to timely make the royalty payment and provide the associated reports" constituted an unequivocal breach of the license agreement on March 1, 2001. KV agrees. However, § 16.7 of the License Agreement makes it abundantly clear that a failure to notify or to terminate does not condone the breach or constitute a waiver of future breaches or defaults. See generally Dow Chem. Co. v. United States, 226 F.3d 1334, 1344 (Fed. Cir. 20000) ("Repudiation is a statement by the obligor to the obligee indicating that the obligor will commit a breach that would itself give the obligee a claim for damages for total breach") (quoting Mobile Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604, 607-08 (2000) (citing Restatement (Second) of Contracts (1979))). Repudiation occurs when one party refuses to perform and communicates that refusal distinctly and unqualifiedly to the other party. See DeKonty v. United States, 922 F.2d 826, 827-28 (Fed. Cir. 1991) (citation omitted). The injured party can choose between terminating the contract or continuing it. See St. Paul Plow-Works v. Starling, 140 U.S. 184 (1891); McDonnell Douglas Corp. v. United States, 182 F.3d 1319, 1327 (Fed. Cir. 1999); Cities Serv. Helex, Inc. v. United States, 543 F.2d 1306, 1313 (Ct. Cl. 1976).

Without distinguishing each of the many cases cited by Defendant for the proposition that a cause of action for a breach of contract claim accrues at the time of the breach, none of the cases cited by Defendant presents facts analogous to KV's case. None of the cases cited by Defendant involves a situation in which there is a dispute over both the nature and timing of the breach. The Court "must draw all reasonable inferences in favor of the plaintiff."[13]

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[13] Defendant's Motion at III.A.

11

Defendant cites several inapposite cases to address KV's then anticipated argument regarding continuing performance.[14]  First, the case of <u>Ashfar v. Procon Inc.</u>, 442 F. Supp. 887 (1977), involves a situation wherein there is no dispute as to whether the contract at issue was terminated, and if so, when.  In contrast to this case, in the <u>Ashfar</u> case, the agreement unequivocally was terminated on a certain date; and that the date of termination was the date from which the statute should run, as the agreement was not one which imposed a continuing duty on the Defendant.  <u>Id.</u>

Second, Defendant relies in part on the case of <u>Ediciones Quiroga, S.L. v. Fall River Music, Inc.</u>, 1998 U.S. Dist. LEXIS 19039 (S.D.N.Y. 1998)   This unreported case involves a clear, proper, and unequivocally communicated notice of termination of the underlying agreement—in contrast to this case.  Third, Defendant relies in part on the case of <u>Agron v. Trustees of Columbia Univ.</u>, 1993 WL 118495 (S.D.N.Y. 1993).  The unpublished <u>Agron</u> case does not even address a contract requiring a continuing performance.  The plaintiff in <u>Agron</u> was denied admission to Columbia University after the University promised her that it would readmit her.  1993 WL 118495 at *1.  Columbia University had no continuing obligation to perform for Agron.  It simply had a one-time obligation to admit her to the university.  Therefore the <u>Agron</u> case also is inapposite.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[14] In Defendant's Motion at III.D.3, Defendant states, "Kobayashi is likely to argue that it is not suing for wrongful termination of the License Agreement, but rather that it is suing for each failure to make royalty payments with the six year statute of limitations period.

12

* * *

WHEREFORE, in consideration of the forgoing grounds and the record herein, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion in its entirety and grant to Plaintiff such other and further relief as the Court deems just and proper.

By:    _____/s/_____
       Jeffrey M. Schwaber, NY Bar No. 4529699
       Alexia Kent Bourgerie, *pro hac* admission
       Attorneys for Plaintiff, Kobayashi Ventures, LLC
       Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
       25 West Middle Lane
       Rockville, Maryland 20850
       Telephone    : (301) 838-3210 (Jeffrey M. Schwaber)
       Facsimile    : (301) 354-8110 (Jeffrey M. Schwaber)
       Email        : jschwaber@steinsperling.com
       Telephone    : (301) 838-3232 (Alexia Kent Bourgerie)
       Facsimile    : (301) 354-8132 (Alexia Kent Bourgerie)
       Email        : abourgerie@steinsperling.com

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

13

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of July, 2008, I will electronically file the foregoing with the Clerk of Court using the ECF system, which will then send a notification of such filing (NEF) to the following:

> Oren J. Warshavsky
> Jason S. Oliver
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111
>
> Dabney Jefferson Carr, IV
> Troutman Sanders, LLP
> PO Box 1122
> Richmond, VA 23218-1122

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user(s):

> J. Rick Taché (*pro hac* admission)
> Janet Lynn Hickson (*pro hac* admission)
> Elizabeth Weldon
> Snell & Wilmer, LLP
> 600 Anton Blvd., Suite 1400
> Costa Mesa, CA 92626

> _____/s/_____
> Jeffrey M. Schwaber

L:\CLIENTS\K\KobayashiVentures.LLC\Papertech.007\PLEADINGS\418 Opp mtn dismiss and MSJ rev 07 31 08 withaff.FINAL.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

14

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

KOBAYASHI VENTURES, LLC,   :

    Plaintiff       :

            :

  v.         : Case No. 1:08-cv-04450-LAP

            :

PAPERTECH INC.,       :

            :

    Defendant.     :

## AFFIDAVIT OF INGER H. ECKERT, CHIEF COUNSEL, INTELLECTUAL PROPERTY OF INTERNATIONAL PAPER COMPANY

   I, Inger H. Eckert, an employee of International Paper Company ("International Paper"), solemnly affirm under the penalties of perjury that the contents of the following paper are true based upon my actual knowledge.

   1.  I am employed by International Paper as its Chief Counsel, Intellectual Property.

   2.  There was a written Patent Purchase Agreement entered into by and between International Paper and Jacklin Associates, Inc. ("Jacklin"), wherein Jacklin became the owner, *inter alia*, of all right, title, and interest in and to certain letters patent and was assigned certain license agreements relating thereto, including the License Agreements on certain terms and conditions contained therein ("Assignment Transaction").

   3.  It is my understanding that in connection with the parties' due diligence for and consummation of the Assignment Transaction, International Paper provided copies of all file materials in the possession, custody or control of its patent department at

that time relating to such letters patent, including but not limited to the License Agreements and all associated correspondence sent and received between Champion International Corporation ("Champion") and/or International Paper after Champion had become part of International Paper through a merger (collectively "File Materials"). I have reviewed these File Materials and have not found any purported letter or notice dated September 27, 2000 from Papertech Inc. or Kari Hilden for Papertech Inc. ("Papertech"). There was no indication from the File Materials that any such letter or notice dated September 27, 2000 ever was received by Champion or International Paper.

4.      Also in the File Materials was a letter which International Paper sent to Papertech on or about July 16, 2004 requesting royalty payments and reports under the License Agreement. With a letter dated August 23, 2004, Papertech responded to International Paper's letter of July 16, 2004 claiming termination several years ago. There is no indication that any earlier letter was attached to the July 16, 2004 letter from Papertech

I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE.

By: _____

Inger H. Eckert
Chief Counsel, Intellectual Property
International Paper Company.

STATE OF _OHIO_            :
COUNTY OF _CLERMONT_       :

I hereby certify that on this _31st_ day of July, 2008, before me, a Notary Public of the State of _OHIO_, personally appeared _Inger Eckert_, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within Affidavit, who acknowledged that she executed the same as stated therein.

WITNESS my hand and Notarial Seal.

_____
Notary Public

My commission expires:

Jane A. Tomlinson
Notary Public, State of Ohio
My Commission Expires
June 19, 2012